# Allen *v.* Buffalo, Rochester & Pittsburgh Ry., Appellant.

*Negligence—Railroads — Infant — Evidence — Case for jury — Damages—Decrease of earning power.*

1. In an action against a railroad company to recover damages for injuries to a boy ten years old while riding a bicycle over a crossing, the case is for the jury where it appears that the accident happened in a populous locality, at a crossing not equipped with safety gates, or provided with a watchman, and the evidence is conflicting as to whether any or proper signals were given by the trainmen.

2. In such case, a verdict for substantial damages for the boy's decrease of earning power after reaching the age of twenty-one years, will be sustained, where physicians testify that a recurrence of a serious trouble in the leg may happen at any time, and that pains from injuries to the head may become progressively worse and develop into epilepsy.

Argued April 19, 1922.   Appeals, Nos. 356 and 357, Jan. T., 1922, by defendant, from judgment of C. P. Clearfield Co., Sept. T., 1918, No. 166, on verdict for plaintiffs, in case of John A. Allen, Jr., a minor, by his

father and next friend, J. A. Allen, and J. A. Allen, in his own right, v. Buffalo, Rochester & Pittsburgh Ry. Co.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Trespass for personal injuries.   Before BELL, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for J. A. Allen, Sr., for $729.74 and for John A. Allen, Jr., $6,000.   Judgment was entered for J. A. Allen for the amount of the verdict, and John A. Allen, Jr., for $4,500.   Defendant appealed.

*Error assigned,* inter alia, was refusal of motion for judgment for defendant n. o. v., quoting decree.

*W. C. Miller,* with him *H. B. Hartswick* and *John G. Whitmore,* for appellant.

*John C. Arnold* and *H. A. Murray,* for appellee, were not heard.

PER CURIAM, June 24, 1922:

In an action by father and minor son to recover damages for injuries received by the latter, at a grade crossing in the City of Dubois, verdicts were rendered for plaintiffs and defendant appealed from judgments entered thereon.

Defendant's double track railroad laid on Franklin Street in Dubois crosses West Washington Avenue at grade.   On August 18, 1916, the minor plaintiff, at the time ten years of age, while riding a bicycle along West Washington Avenue, found the Franklin Street crossing obstructed by an engine moving south on the track nearest him.   The lad circled around on the street without dismounting and as the engine cleared the crossing started over the tracks and collided with a train consisting of an engine and six box cars moving north on the northbound track, receiving the injury for which this action was brought to recover compensation.

The questions raised are (1) sufficiency of evidence to establish defendant's negligence and (2) sufficiency of evidence to show loss of earning power of the minor after arriving at the age of twenty-one years. An examination of the court's instructions shows both questions were fully and fairly submitted to the jury. The crossing in question is in the vicinity of a populous locality of the city, is used to a considerable extent by both pedestrians and vehicles and is not equipped with safety gates nor provided with a watchman. As to the negligence of defendant, i. e. failure to give proper warning of the approaching train, the evidence is conflicting; the trainmen with one exception testified warning was given by both sounding the whistle and ringing the engine bell and that the train was moving at the rate of four miles an hour. On the other hand, witnesses at or near the crossing at the time say they heard neither warning and the conductor who stood on the top of the forward car of the train, which was moving backward with the engine in the rear, testified he did not hear the bell and that he gave warning on approaching the crossing by "whistling on his fingers." Under this testimony, whether warning was given, and, if so, whether it was sufficient considering the location of the crossing and all attending circumstances, were clearly questions for the jury.

As to the likelihood of the injury resulting in the boy's decrease of earning power after reaching twenty-one years of age, the testimony of the physicians indicate that a recurrence of serious trouble in the leg which followed the accident may happen at any time and interfere with his ability to perform work, and further that the spells of headache and dizziness, from which he now suffers at times, are the result of the injury to the head and may become progressively worse and develop into epilepsy. In view of this and other testimony relating to the nature and character of the injury sustained by the boy and the possibility of the recurrence of the trouble referred to, the amount awarded as reduced by the court is, in our opinion, fully justified and not excessive.

The judgment is affirmed.